MEMORANDUM OPINION




No. 04-03-00611-CV



IN THE INTEREST OF K.S., et al., Children



From the 57th Judicial District Court, Bexar County, Texas


Trial Court No. 2002-PA-01234


Honorable Frank Montalvo, Judge Presiding



PER CURIAM


Sitting: Alma L. López, Chief Justice

 Catherine Stone, Justice

 Paul W. Green, Justice


Delivered and Filed: October 8, 2003


DISMISSED FOR LACK OF JURISDICTION

 The trial court signed a final judgment on July 3, 2003. Because this is an accelerated appeal,
appellant's notice of appeal was due to be filed on July 23, 2003. See Tex. R. App. P. 26.1(b); Tex. Fam.
Code §263.405. A motion for extension of time to file the notice of appeal was due on August 7, 2003.
See Tex. R. App. P. 26.3. Appellant filed a notice of appeal on August 15, 2003, and a motion for
extension of time on August 15, 2003. 

 A motion for extension of time is necessarily implied when an appellant, acting in good faith, files
a notice of appeal beyond the time allowed by Rule 26.1 but within the fifteen-day grace period provided
by Rule 26.3 for filing a motion for extension of time. See Verburgt v. Dorner, 959 S.W.2d 615, 617
(Tex. 1997) (construing the predecessor to Rule 26). But "once the period for granting a motion for
extension of time under Rule [26.3] has passed, a party can no longer invoke the appellate court's
jurisdiction." Id. 

 Because appellant's notice of appeal and motion for extension of time were both filed outside the
time allowed for filing a motion for extension of time to file the notice of appeal, we ordered appellant to
show cause why this appeal should not be dismissed for lack of jurisdiction. Appellant responded that her
appointed trial counsel was ineffective in failing to inform her of her right to appeal and that the appeal
would be accelerated.

 The Texas Supreme Court has directed that we are to liberally construe the rules of appellate
procedure in order that the right of appeal is not lost by imposing requirements not absolutely necessary
to effect the purpose of a rule. Verburgt, 959 S.W.2d at 616-17. Regarding jurisdiction, however, courts
of appeal are expressly prohibited from enlarging the time for perfecting appeals in civil cases. Tex. R.
App. P. 2. Although we agree that appellant is entitled to effective assistance of counsel, "[n]othing in the
Texas Rules of Appellate Procedure provides a remedy for a notice of appeal filed after all deadlines for
doing so have expired." In re T.W., 89 S.W.3d 641, 643 (Tex. App.--Amarillo 2002, no pet.).
Accordingly, we have no discretion but to dismiss this appeal for lack of jurisdiction. See id.

 PER CURIAM